## Richmond.

### BYRD AND ALS. V. LUDLOW AND ALS.

May 3d, 1883.

1. CONSTRUCTION OF DEEDS—*Context*—*Extrinsic evidence*—*Case at bar.*—
In suit to divide all T.'s real estate, partition was made of land con-
veyed in 1830 by C. to T., and bounded in part by Elizabeth river, and
designated as lot No. 36. On the south thereof was marsh land and the
boundary uncertain. W., appointed by the court to ascertain the
boundary, reported that the lot contained all the marsh land conveyed
in 1830, by C. to T., and extended to low-water mark; and that with
this view he had had the lot surveyed and a plat made, which, however,
did not give the exact boundary; and that the lot lay between two cer-
tain other parcels claimed by parties in the report mentioned. The
court confirmed the report and decreed the lot to be sold, describing it,
as the report had described it. It was sold; the sale was confirmed;
and the commissioners conveyed it to the vendors of L., describing it,
not only by the metes and bounds, but also by the general description in
the report and decree contained. But B. and others claim that none of
the marsh land conveyed by C. to T., in 1830, passed by the deed to L.,
except the part embraced within the metes and bounds, and brought
ejectment for so much as was not so embraced.

HELD:

1. The deed conveyed the whole marsh land down to low-water
mark.
2. The object of the suit was to divide *all* the real estate whereof T.
died seized and possessed, and certainly none was intentionally
left undivided.
3. In construing the deed, its entire context must be considered, the
description by metes and bounds, and also the general descrip-
tion, as lying between certain other known parcels.
4. The deed must also be considered in connection with W.'s re-

port describing the lot as extending down to low-water mark and generally by its location, as well as by the survey and the plat, giving metes and bounds, but not claiming that they were exact.

5. And so also must the decrees be examined as showing that the land decreed to be sold and the sale whereof was confirmed, was the land described in W.'s report which had been approved.

Error to judgment of corporation court of the city of Norfolk, rendered May 27th, 1879, in an action of ejectment wherein Richard W. Byrd and others were plaintiffs, and John R. Ludlow and others, were defendants.

In 1793, John Smith conveyed to William Lindsey in fee a lot of land in said city, described as follows: "Beginning at a stone on Duke street, which divides said land from a piece said Smith sold to Charles Stewart July 18th, 1770; thence binding on said land westwardly, to-wit, north, sixty-eight degrees; west, to a sixty foot canal; thence binding on said canal *into the channel of the Elizabeth river;* thence bounded by the said river to the late John Gilchrist's land; thence bounded by the said land and Duke street to the beginning." This lot so conveyed, passed by several intermediate conveyances to as many different persons, until in 1830, John Cooper conveyed it by the same description, to Arthur Taylor, who died in 1839, testate. Under his will the plaintiffs claimed so much of the said lot as had not, according to their contention, been sold and conveyed to the vendors of Ludlow—to-wit: the marsh land lying between the south and southwest boundary of the lot so conveyed, according to the course and distance whereby it is designated in the deed, and the low water mark of Elizabeth river opposite thereto; and to recover it brought their said action of ejectment. Neither party asking for a jury, the law and the facts were submitted for determination to the said corporation court, which gave judgment for the defendants, and to such judgment Byrd and others obtained from one of the judges of this court a writ of error and *supersedeas.*

The remaining facts are stated in the opinion of the court.

*P. D. Doyle,* for plaintiffs in error.

*Walke & Old,* and *W. W. Gordon,* for defendants in error.

LEWIS, P., delivered the opinion of the court.

The plaintiffs claimed under the will of Arthur Taylor, of whose real estate partition was made, after his death, under decrees of the circuit court of Norfolk, in a suit brought for that purpose. The property now in controversy is a portion of a lot of land conveyed to the testator by John Cowper, in the year 1830, bounded in part by the Elizabeth river, and designated in the partition proceedings as lot number thirty-six. Of that lot so much as was upland was allotted to A. E. and R. C. Poultney, and the boundaries of the part so allotted accurately defined. But in respect to the marsh land on the south and southwest thereof, the commissioners appointed to divide the real estate reported to the court that it was claimed by various persons, and that on account of such conflicting claims they had not included it in their division of the estate, and referred the matter to the court for its action. A decree was thereupon entered appointing Richard Walke a commissioner to take proof of the title of the several claimants to the land, who proceeded to execute the decree, and along with his report to the court he returned a plat which he had caused to be made of the premises. It was impossible, he reported, to ascertain with strict accuracy all the boundary lines of the land, but that the plat was as accurate as practicable. The court confirmed the report, and appointed special commissioners to sell the land. They afterwards sold, and by deed conveyed it to the grantors of the defendant, Ludlow; and the question now to be determined relates to the scope and effect of that conveyance.

The plaintiffs in error insist that the whole of the marsh land attached to lot No. 36 was not conveyed by the deed of the special commissioners, but only so much thereof as is embraced within the the metes and bounds set forth in the deed, and that claiming under the will of Arthur Taylor they are entitled to recover the portion not so conveyed. On the other hand, the defendants in error contend that the deed conveyed the whole. The court below decided in favor of the latter view, and we think correctly.

This is apparent from several considerations. In the first place, the object of the suit in the circuit court was to divide *all* the real estate of which Arthur Taylor died seized and possessed, and certainly none was left intentionally unallotted.

Then, in construing the deed, it must be considered in connection with the report of Commissioner Walke and the decree confirming it and directing a sale of the land. According to that report it is plain that the commissioner intended to embrace therein all the marsh land which had been conveyed to Taylor by Cowper in 1830. It is equally plain that while the exact boundaries of the land could not be ascertained, yet that in the opinion of the commissioner it extended on the south to low water mark. He said: "It is with this view of the case that I have caused a survey to be made * * of all that land or marsh embraced within the property formerly belonging to the Taylor estate, and which was assigned in this suit to the heirs of Mrs. Poultney, and the property claimed and held in undivided moieties by W. W. Hall and the estate of R. A. Worrell, the same being a portion of the property formerly claimed by John Gilchrist." By its decree confirming the report the circuit court adopted the views of Commissioner Walke, and must, therefore, be understood as having directed a sale of all the marsh land conveyed to Taylor by Cowper's deed. For why should any portion of it have been excepted when the very object of the suit was to divide the whole estate? The land was

described in the decree, not only by the metes and bounds set forth on the plat filed by Commissioner Walke, but further as follows : "The said lot or parcel of land being further described as bounded on the north in part by the said canal and by the aforesaid lot of Richard C. and Arthur E. Poultney, on the east by Duke street, on the south by the land claimed by W. W. Hall and the heirs of R. A. Worrell, and on the west by the aforesaid canal." And this description is followed in the deed of the special commissioners conveying the property to Walter H. Taylor and others, who in turn conveyed to Ludlow.

Other questions discussed at the bar need not be considered. Our conclusion is that the plaintiffs have failed to show title in themselves to the land claimed in the declaration, and that the judgment of the court below must therefore be affirmed.

JUDGMENT AFFIRMED.